UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 06-20044-CR-GOLD/GOODMAN

UNITED STATES OF AMERICA

vs.

RANDOLPH ROLLE,

  Defendant.
_____/

**REPORT AND RECOMMENDATIONS**

  This Matter is before the Undersigned on the District Court's referral of Defendant Randolph Rolle's *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). [ECF No. 364]. On Rolle's commendable concession that his claim is currently <u>barred</u> by the Eleventh Circuit Court of Appeals' decision in *United States v. Hippolyte,* 712 F.3d 535 (11th Cir. 2013), the Undersigned **respectfully recommends that the District Court deny Rolle's motion without prejudice**. The Undersigned will nevertheless detail the background of Rolle's motion in the event there is another change in the law.

**I. BACKGROUND**

  **A. <u>The District Court Sentences Rolle to 292 Months</u>**

  On September 20, 2006, Rolle pled guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base, i.e., crack, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. [ECF Nos. 197; 198]. At his sentencing, Rolle qualified

as a career offender under the 2006 version of the Sentencing Guidelines (the version applicable to Rolle). [Presentence Investigation Report ("PSI"), at ¶ 42]. Normally a career offender's base offense level is determined by U.S.S.G. § 4B1.1. However, under § 4B1.1(b), if the "offense level otherwise applicable" to a defendant is greater under another section of the Sentencing Guidelines, then that section applies. Stated another way, the section resulting in the higher base offense level applies. In Rolle's case, § 4B1.1 yielded a lower offense level for Rolle (37) than § 2D1.1 (38), the crack sentencing section. Accordingly, because the "offense level otherwise applicable" to Rolle was greater under § 2D1.1 than § 4B1.1, the District Court correctly applied § 2D1.1 and calculated Rolle's offense level of 38 as follows:

1. Rolle was responsible for between 50 and 150 grams of crack, which resulted in a base offense level of 32 [PSI, at ¶ 36];

2. Rolle was given a 4 point increase for being an organizer/leader of the conspiracy [PSI, at ¶ 39]; and

3. Rolle was given a 2 point enhancement for possessing a dangerous weapon/firearm [PSI, at ¶ 37].

At the sentencing hearing, the District Court gave Rolle a 3 point reduction for acceptance of responsibility. [ECF No. 241]. This 3 point reduction yielded a final offense level of 35, which reduced Rolle's sentencing range from 360 months-life to 292-

365 months. [ECF No. 241]. The District Court sentenced Rolle to 292 months on February 2, 2007. [ECF Nos. 241; 250].

### B. **Rolle's Sentence is Reduced to 262 Months Under Amendment 706**

On March 27, 2008, Rolle moved to reduce his sentence to 262 months based on Amendment 706 to the Sentencing Guidelines.[1] [ECF No. 278]. On June 27, 2008, the Government filed its response and, in sum, agreed that his sentence should be reduced to 262 months. [ECF No. 302].

On December 31, 2008, the District Court reduced Rolle's sentence to 262 months [ECF No. 316]. The District Court calculated Rolle's sentence reduction as follows: First, the District Court applied Amendment 706's 2 point reduction to Rolle's prior final offense level under § 2D1.1. This resulted in an offense level of 36. [ECF No. 302, p. 2]. But because Rolle was a career offender, his § 4B1.1 offense level of 37 was now higher than his reduced § 2D1.1 offense level of 36. As a result, the higher offense level applied. [*Id.* at p. 2]. Second, having determined that Rolle's base offense level was 37, the District Court gave Rolle a 3 point reduction for acceptance of responsibility. With a final offense level of 34, Rolle's amended sentencing range was 262-327 months.

---

[1] Amendment 706 amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 706 (2007). "The effect of Amendment 706 is to provide a two-level reduction in base offense levels for crack cocaine offenses." *United States v. Moore*, 541 F.3d 1323, 1325 (11th Cir. 2008).

### C. **Rolle's Current Motion to Further Reduce his Sentence**

On December 12, 2011, Rolle filed the instant motion. [ECF No. 364]. Rolle moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the Sentencing Guidelines and the Fair Sentencing Act of 2010 (the "Act"). [*Id.*]. Rolle also moved for the appointment of counsel. [*Id.*]. On March 5, 2012, the Government filed its response opposing any reduction in Rolle's sentence. [ECF No. 366].

On March 19, 2012, the District Court appointed the Federal Public Defender to represent Rolle and referred this matter to the Undersigned. [ECF No. 368]. On April 20, 2012, Rolle's court-appointed counsel filed a supplemental memorandum in support of Rolle's motion. [ECF No. 370]. In it, Rolle noted that the Supreme Court was considering the retroactive application of the Act in *Dorsey v. United States*, 132 S. Ct. 2321 (2012). [*Id.* at p. 3]. As a result, on May 7, 2012, the Undersigned entered an order requiring Rolle to file a memorandum after the Supreme Court's decision in *Dorsey*. [ECF No. 371]. The Undersigned's order effectively stayed this matter until the Supreme Court's decision in *Dorsey*.

On July 3, 2012, after the Supreme Court's decision in *Dorsey*, the Undersigned vacated the May 7, 2012 Order and ordered Rolle to show cause why his motion should not be denied in light of *Dorsey*. [ECF No. 372]. On July 12, 2012, Rolle filed a memorandum of law urging the retroactive application of the Act's lesser mandatory

4

minimums. [ECF No. 373]. On July 23, 2012, the Government filed its brief in opposition to Rolle's latest memorandum. [ECF No. 375].

On August 7, 2012, the Undersigned entered another order staying Rolle's motion. [ECF No. 378]. This latest stay order was based on the Eleventh Circuit Court of Appeals' pending decision in *Hippolyte,* 712 F.3d 535, which was set to decide the very issue in this case: "whether the . . . Act's lower mandatory minimums apply to a defendant, like Rolle, 'who was sentenced *before* the Act went into effect and who files a § 3582(c)(2) motion to reduce his sentence *after* the Act's effective date.'" [ECF No. 378 (quoting *United States v. Liberse,* 688 F.3d 1198, 1202 (11th Cir. 2012))].

On April 4, 2013, Rolle filed a notice of supplemental authority. [ECF No. 389]. Rolle advised that the Eleventh Circuit had decided *Hippolyte*, and the effect of the decision was to **bar** Rolle's instant claim. [*Id.*]. Rolle, however, requested that his motion be denied *without prejudice* in light of the fact that the law surrounding this area was in flux. On May 31, 2013, the District Court entered an order resubmitting Rolle's original motion [ECF No. 364] to the Undersigned. [ECF No. 390].

II.   **APPLICABLE LEGAL STANDARD**

Under 18 U.S.C. 3582(c)(2), a court may reduce a defendant's sentence if his term of imprisonment has subsequently been lowered by the United States Sentencing Commission. The court may, in its discretion, reduce such a sentence after considering 18 U.S.C. § 3553(a)'s factors, to the extent that they are applicable. A reduction in a

defendant's sentence must be consistent with any applicable policy statements issued by the Sentencing Commission. *See Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010).

As the Eleventh Circuit has explained:

> The district court must follow a two-step process in ruling on a § 3582(c)(2) motion. *See Dillon v. United* States, —— U.S. ——, 130 S. Ct. 2683, 2691 (2010); *United States v. Bravo*, 203 F.3d 778, 780–81 (11th Cir. 2000). First, the court must recalculate the defendant's sentence "by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *Bravo*, 203 F.3d at 780. All of the other guideline application decisions made during the original sentencing proceeding remain unaffected. *Id.* Under the second step, the court must decide whether, in its discretion, to retain the original sentence or to resentence the defendant under the amended guideline range. *Id.* at 781.

*United States v. Taylor*, 482 F. App'x 503, 505 (11th Cir. 2012). If the court grants a sentence reduction, then it may not reduce a defendant's sentence below the amended guidelines range, *Dillon*, 130 S. Ct. at 2691, or to a term that is less than the statutory mandatory minimum. *See Kimbrough v. United States*, 552 U.S. 85, 103-105 (2007).

### III. DISCUSSION

#### A. General Background: The Act and Amendment 750

##### 1. The Crack vs. Cocaine Disparity Under the Anti-Drug Abuse Act

Under the 1986 Anti-Drug Abuse Act, the mandatory minimum prison terms for cocaine and crack-based offenses reflected a 100-to-1 disparity between the amount of crack and cocaine needed to trigger the mandatory minimums. *Compare* 21 U.S.C. §§ 841(b)(1)(A),(B) (2006) *with* 21 U.S.C. §§ 841(b)(1)(A),(B) (2012).

2. The Act

On August 3, 2010, the Act (previously defined) went into effect. The Act altered the statutory penalties applicable to crack offenses. *See* 124 Stat. 2372 (2010). The Act reduced the disparity between the amount of cocaine and the amount of crack required to trigger mandatory minimums from 100-to-1 to 18-to-1. *Id. See Dorsey*, 132 S. Ct. at 2326.

3. Amendment 750 to the Sentencing Guidelines

The Act authorized the United States Sentencing Commission to make conforming amendments to the Sentencing Guidelines no later than 90 days after the Act went into effect. 124 Stat. 2372, § 8. Accordingly, the Sentencing Commission promulgated, on a "temporary, emergency basis,"[2] Amendment 748, which revised the drug-quantity tables to be consistent with the Act's revised statutory penalties. *See* U.S.S.G. App. C, Vol. III, Amend. 748. The Sentencing Commission later adopted Amendment 750, which "re-promulgates as permanent" Amendment 748. *See* U.S.S.G. App. C, Vol. III, Amend. 750, at p. 392. Part A of Amendment 750 contains the revised drug quantity table in § 2D1.1 and is the relevant part in Rolle's case. *See* U.S.S.G. App. C, Vol. III, Amend. 750, at p. 391. Effective November 1, 2011, the Sentencing Commission made Parts A and C of Amendment 750 retroactive. *See* U.S.S.G. App. C.

---

[2] *See* U.S.S.G. App. C, Vol. III, Amend. 750, at p. 392 ("[c]onforming changes to certain other guidelines were also promulgated on a temporary, emergency basis. *See* U.S.S.G. App. C, Amendment 748 (effective November 1, 2010).").

Vol. III, Amend. 759, at pp. 417, 418 (amending § 1B1.10 to make Parts A and C of Amendment 750 retroactive).[3]

### B. The Supreme Court and Eleventh Circuit Court of Appeals' Decisions Regarding the Retroactive Application of the Act Foreclose the Relief Sought by Rolle

1. Rolle's Arguments

Rolle initially argued that his sentence should be reduced pursuant to Amendment 750 -- which revised the drug-quantity tables in § 2D1.1. [ECF No. 364]. The Government agrees, generally, that Amendment 750 is applicable to Rolle's sentence. [ECF No. 366]. Applying Amendment 750 to Rolle's sentence would result in a 6 point reduction to Rolle's base offense level **under § 2D1.1**. Thus, if Rolle were sentenced today **under revised § 2D1.1**, his base offense level would 26 -- as opposed to 32 when he was sentenced. [ECF No. 366, p. 2; PSI, at ¶ 36]. After adding in Rolle's sentencing enhancement and departures Rolle would end up with a final offense level of 29,[4] *if* the reduced § 2D1.1 offense level applies, which it does not.

As was the case with Rolle's first sentencing reduction, because Rolle was a career offender, his § 4B1.1 offense level of 37 is higher than his reduced § 2D1.1 offense

---

[3] "The Commission has determined, under the applicable standards set forth in the background commentary to § 1B1.10, that Amendment 750 (Parts A and C only) should be included in § 1B1.10(c) as an amendment that may be considered for retroactive application." U.S.S.G. App. C, Vol. III, Amend. 759, at p. 418.

[4] A base offense level of 26 combined with a 4 point increase for his role as an organizer/leader and a 2 point increase for the possession of a dangerous weapon and a downward departure of 3 points for acceptance of responsibility.

level of 29 and, thus, the higher offense level of 37 applies. [ECF No. 366, p. 2]. Applying Rolle's 3 point reduction for acceptance of responsibility to his 37 offense level results in a final offense level of 34. Combined with Rolle's established criminal history category of six, Rolle's guideline range would be 262-327 months. [ECF No. 366, p. 3]. As a result, the Government argues that no reduction is warranted because Rolle is serving a 262 month sentence. [*Id.* at p. 4].

Rolle concedes that § 4B1.1, not § 2D1.1, is the section that applies. [ECF No. 370, p. 2]. But Rolle pointed out (before the Eleventh Circuit's recent decision in *Hippolyte*) that the Act lowered the statutory mandatory minimums for which Rolle pled guilty and, thus, his career offender base offense level under § 4B1.1 has been reduced. [*Id.*]. Consequently, Rolle argued that by retroactively applying the Act's lesser mandatory minimums, his guidelines range would be 188-235 months. [*Id.*; ECF No. 373].

2. *Hippolyte*, 712 F.3d 535, Bars the Relief Rolle Seeks

In *Dorsey*, 132 S. Ct. 2321, the Supreme Court held that the Act's lower mandatory minimums, and the accompanying revised Sentencing Guidelines, apply to defendants who committed a crack offense and were sentenced after the Act's effective date of August 3, 2010, but whose conduct occurred before that date. *Id.* at 2330-2336.[5]

---

[5] The *Dorsey* Court recognized that it was creating a disparity between those defendants sentenced before August 3, 2010 and those sentenced after that date. *Dorsey*, 132 S. Ct. at 2335. The Court found that these "disparities, reflecting a line-drawing effort, will exist whenever Congress enacts a new law changing sentences" and

9

*See also Liberse*, 688 F.3d at 1202; *United States v. Hudson*, 685 F.3d 1260 (11th Cir. 2012). "The [Supreme] Court did not decide, however, whether the Fair Sentencing Act applies to a defendant, like Liberse [and Rolle], who was sentenced *before* the Act went into effect and who files a § 3582(c)(2) motion to reduce his sentence *after* the Act's effective date." *Liberse*, 688 F.3d at 1202. In *Hippolyte*, the Eleventh Circuit answered that question in the negative.

In *Hippolyte*, the defendant was sentenced to the 240–month statutory mandatory minimum in 1996 for an offense involving crack cocaine. 712 F.3d at 536–37. In 2011, Hippolyte moved for a sentence reduction under § 3582(c)(2) based on the Act and Amendment 750. *Id.* The district court denied his request, and Hippolyte appealed. *Id.* In affirming the district court's denial, the appellate court held that Amendment 750 had no effect on Hippolyte's sentence because it did not alter the statutory mandatory minimum sentence that Hippolyte received, and the Act did not apply retroactively to his 1996 sentence. *Id.* at 542. (citing *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012)). Stated another way, the Act's new statutory mandatory minimum provisions are not retroactive.

As Rolle now recognizes and concedes, *Hippolyte* bars the relief he seeks here. [ECF No. 389]. However, as evidenced by the myriad stays in this case, this area of law

---

concluded that "this particular new disparity (between those pre-Act offenders already sentenced and those not yet sentenced as of August 3) cannot make a difference." *Id.*

remains in flux. Accordingly, the Undersigned agrees with Rolle's request that the denial of his motion should be *without prejudice*, so that he may renew his motion in the event *Hippolyte* is overruled, reversed, clarified, modified, or supplemented in any way which would provide the relief he was seeking before the *Hippolyte*-based concession.

## IV. RECOMMENDATIONS

For the reasons set forth above, the Undersigned respectfully recommends that the District Court deny without prejudice Rolle's motion.

## V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have 14 days after being served with a copy of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each party may file a response to the other party's objection within 7 days of the objection. Failure to timely file objections shall bar the parties from a de novo determination by the District Court of an issue covered in this Report and Recommendations and bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, August 23, 2013.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
The Honorable Alan S. Gold

All counsel of record

Randolph Rolle, *pro se*
Reg. No. 64738-004
FCC Coleman Medium
P.O. Box 1032
Coleman, Florida 33521

Anthony Rolle[6]
250 NW 13th Street, Unit 101
Miami, Florida 33136

---

[6] Defendant Randolph Rolle's concerned brother, who has called the Undersigned's chambers several times and requested a copy of this Report and Recommendations.